EASTERN DIST.
*June*, 1835.

MITCHELL
*vs.*
JOHNSON.

<hr>

## MITCHELL *vs.* JOHNSON.

APPEAL FROM THE COURT OF THE SECOND JUDICIAL DISTRICT, THE JUDGE THEREOF PRESIDING.

The last purchaser of a plantation and slaves may pay off previously existing debts due by his and their vendors, and for which the premises are liable; and be subrogated to the rights of these creditors, and compensate such payment against the instalments as they become due to his vendor.

This is an action to recover from the defendant the second instalment of the price of a tract of land and slaves, amounting to four thousand six hundred and sixty-six dollars and sixty-seven cents, which the latter purchased of the plaintiff.

The defendant sets up a sum in compensation of the plaintiff's demand, which he avers he was compelled to pay to former vendors of the land in question, and for which the land itself was bound.

The facts of the case are set out in the opinion of the court.

The district judge who tried the cause, was of opinion that the plaintiff had no cause of action, and gave judgment for the defendant. The latter appealed.

*Nicholls* and *Taylor*, for the plaintiff.

*Porter, contra.*

*Martin, J.*, delivered the opinion of the court.

The defendant being sued for the recovery of the second instalment of the price of a sugar plantation and slaves, in the parish of Lafourche, resists the plaintiff's demand on the ground of his having been obliged to pay large sums of money to relieve the land in question from liens and mortgages, which the plaintiff, his vendor, was bound to discharge, and claims that these payments may be compensated against the instalment now sued upon. Judgment was rendered against the plaintiff, from which he appealed.

The facts of the case are the following : In 1814, Field bought of Thibodeaux a tract of land containing nineteen arpents in front, and undertook to pay a sum of money due to Wells, who was Thibodeaux's vendor, being the balance due on the land for the original price. To this tract Field added a smaller one of two arpents more in front, and sold one moiety of the whole to the defendant, and the other moiety to the plaintiff who held it in common with one Kendall, and who undertook to pay off by instalments the sum of fourteen thousand one hundred and twenty dollars, which still remained due to Thibodeaux.

The plaintiff afterwards sold his half of the latter moiety with some slaves thereon to the defendant for twenty thousand dollars. Of this sum six thousand dollars was paid in cash, and the remainder was made payable in three annual instalments of four thousand six hundred sixty-six dollars and sixty-seven cents each. It was also stipulated in the contract of sale, that the defendant be authorised to deduct such sums as he might be obliged to pay off to the original vendors, to relieve the land from that portion of the original price which was still due to Wells's heirs, and which the plantation was bound to discharge.

On a settlement with the defendant, Field the vendor of the plaintiff, acknowledged the full payment of all his demands and transferred to him a claim against the plaintiff and Kendall for six thousand three hundred and seventy-eight dollars. These persons had failed to pay any thing towards discharging Wells's mortgage. The second instal-

ment of the defendant's purchase from the plaintiff, for which the present suit is brought, amounts to four thousand six hundred and sixty-six dollars and sixty-seven cents.

The one-half of the claim of Field on the plaintiff and Kendall, was consequently, three thousand one hundred and eighty-nine dollars; and the one-half of the portion of the money they ought to have paid in discharge of Wells's mortgage, amounts to two thousand six hundred and forty-two dollars and thirty-eight cents.

The counsel for the plaintiff contended in argument in this court: First, that by the contract between Field and Thibodeaux with the assent of Wells, Field became personally bound to fulfil and discharge the hypothecary obligations which existed on the land.

2. All the land held by the defendant was subject to those obligations, and that the plaintiff, Kendall and Field, were personally bound for them.

3. Whatever sums the plaintiff and Kendall, or Johnson, might have to pay in order to free the land from these incumbrances, they were entitled to recover from Field in consequence of his warranty, and because he was personally bound for the debt to which it was an accessory.

4. The defendant was indebted to Field in a sum due to him on the price of the land, and Field became indebted to the defendant for the amount paid him in satisfaction of Wells's mortgage, and both debts were compensated by the mere operation of law.

5. The settlement between the defendant and Field taken in connexion with the record of the suit of the former shows, that compensation took place by consent of parties, since they mutually released and discharged each other from all claims. The defendant became the hypothecary creditor by subrogation, and was paid by the debt due by him to Field, the original debtor. The principal obligation due by him, was consequently discharged and the mortgage extinguished.

6. The only shadow of claim which the defendant had on the plaintiff, grew out of the transfer of the claim of Field against the plaintiff and Kendall, and of which the plaintiff

EASTERN DIST.
June, 1835.

MITCHELL
vs.
JOHNSON.

The last purchaser of a plantation and slaves, may pay off previously existing debts, due by his and their vendor, and for which the premises are liable, and be subrogated to the rights of these creditors, and compensate such payment against the instalments as they become due, to his vendor.

owes one-half.    That the defendant only stands in the place of Field who could not, under these circumstances, enforce payment.    He was bound to pay the Wells mortgage, and if he could not, his transferee cannot claim under him the right of doing so.

We are of opinion the district judge did not err in allowing the defendant the benefit of the payment to Field, and subrogation to his rights against the plaintiff and his partner in interest, Kendall.    Field was entitled and had the undoubted right to demand from these persons the balance of the price of the land, or whatever sum they may owe on their purchase from him; although it is true, he is personally bound toward Wells, Thibodeaux and the defendant, for the remainder of the price which Thibodeaux owed to Wells at the time Field purchased.    He may also be bound to the plaintiff and Kendall his last vendees, to protect them against the pursuits of Wells and his heirs, as long as they punctually pay the annual sums which Field stipulated they should pay, in discharge of the Wells mortgage.

It is not urged that the plaintiff is in danger of being disturbed in his possession by Wells's heirs.  He has, therefore, no right to withhold from the defendant the amount of the claim which was transferred to him by Field, and which extinguishes the demand sued on.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.